IN THE UNITED STATES BANKRUPTCY COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FILED

2025 JUL -2 A 10: 40

CLERK
U.S. BANKRUPTCY COURT
PITTSBURGH

In re:                                      )

JOANNE M. ROMAN,                            )          Case No. 21-20642-GLT

Chapter 7 Debtor.                           )

## MOTION FOR TEMPORARY RESTRAINING ORDER (TRO) AND REQUEST TO STAY OF EJECTMENT AND TRO PENDING FINAL DECISION

**NOW COMES** the Debtor, **Joanne Marie Roman,** pro se and respectfully moves this Honorable Court for an order to **temporarily restrain and enjoin the ejectment of** Joanne M. Roman and [Others] being her spouse Carmelo Roman-Torres and dependents JMR and JG, pursuant to **Rule 65** of the Fed. R. Civ. Pro., made applicable to bankruptcy cases under **Rule 7065** of the Federal Rules of Bankruptcy Procedure, which allows debtors, to seek temporary restraining orders or preliminary injunctions without the usual requirement of posting security under **Rule 65(c).** A debtor in a Chapter 7 bankruptcy who gets to keep their house after the 341 meeting has successfully exempted that property.

In support of this motion, the Debtor respectfully alleges as follows:

## I. BACKGROUND

1. **Bankruptcy filing and Discharge**

   On **March 22, 2021**, the Debtor, **Joanne Marie Roman**, filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. The **341 Meeting of Creditors** was held on **May 3, 2021**, at which no creditor, including **M&T Bank**, appeared or filed an objection to the discharge.

   Debtor claimed federal homestead exemption under **11 U.S.C. § 522(d)(1)** $191,000 Appraisal value was used, which was allowed without objection, and the property remains the Debtor's primary residence. The entire bankruptcy estate was able to be federal exempted (no assets available for distribution to the creditors) the U.S. Trustee distributed to debtors possession and control restoring rights of processionary interest. No objection filed by any creditor. No proof of claim filed by any creditor.

The bank is listed in the bankruptcy schedules and served appears on the Plaintiff discharge order promissory note mortgage debt discharged pursuant 11 U.S.C. § 727 and order was entered on **July 7, 2021,** and case closure on **July 28, 2021,** 11 U.S.C. § 350.

There is not any underlying debt to enforce, allegedly secured by a promissory note, was scheduled and discharged in the above-captioned bankruptcy proceeding.   No reaffirmation agreement was executed.

However, despite the bankruptcy case being closed, **M&T Bank** improperly filed lawsuit in state court circumventing the federal court and named Joanne M. Roman the defendant sued in REM mortgage foreclosure.

The **M&T Bank** is not only is seeking but has succeeded enforcement of several wrongful post-discharge in state court actions against the debtor and this creditor was "**not the original lender**", and "Debtor **never** signed any agreement" with the current entity pre or post the closed bankruptcy case.

However, despite the fact, **M&T Bank** improperly filed lawsuit in state court circumventing the federal court and named Joanne M. Roman the defendant sued in REM mortgage foreclosure.

2. **Automatic Stay and Assignment of Mortgage**
   The **automatic stay** imposed under **11 U.S.C. § 362(a)**, which protected the Debtor's property from any further collection actions by creditors, remained in effect until the bankruptcy case was closed.

**Joanne M. Roman** asserts that **M&T Bank** filed a foreclosure action which is **barred by both the automatic stay and** provisions of the Bankruptcy Code as well as **by the discharge injunction**. The Defendant M&T Bank **lacks standing** to pursue a mortgage foreclosure in state court action due to **absence of a valid, recorded assignment of the mortgage recorded during the automatic stay period April 9, 2021, after Joanne Marie Roman filed her bankruptcy petition March 22, 2021**. **The Mortgage assignment is defective and improper.**

**M&T Bank** improperly recorded their **Assignment of Mortgage on April 9, 2021**, in violation of the automatic stay after it had already attached on **March 22, 2021**.

Joanne M. Roman did **NOT** receive any notice or possess any knowledge and did not discover the **improperly filed assignment of mortgage** until **November 27, 2021**, which is a violation of both the automatic stay and the discharge injunction.

Furthermore, **M&T Bank** was not the original creditor on the mortgage. Instead, **M&T Bank** is a third-party purchaser of the promissory note, and thus has **no standing** to enforce the mortgage, as the bank did **NOT** hold "both the note and the mortgage" at the same time of the assignment.

3. **Sale of Property and Ejectment Action**

On **September 20, 2024, M&T Bank** initiated a lawsuit in state court a **foreclosure sale** commenced the property (without due process), despite the Debtor's **discharge** of the promissory note and mortgage. **M&T Bank** obtained from one state court judge an order by memorandum of opinion in state court for **premises in money judgment** for $214,189.43 on **August 14, 2023**.

On **October 30, 2024,** another lawsuit was initiate by **M&T Bank** and another state court Judge issued order **June 2, 2025**, being an action that is unconstitutional, by grant of the "Confession" of Judgment" for **Possession** on **June 3, 2025.** in the Common Plea Court of Pa" PA Rule of Civ. P. 236 "for Premises seeking" "possession of Debtor's "exempt residence", asserting $0.00 in "monetary value" **and is currently in progress Sheriff of Butler, PA**, to serve writ for possession again (without due process) this action requires service notice to defend be given 30 days allowed to petition strike judgment. Joanne M. Roman does not want to waste time to take leave from work (loss of pay) just to appear only to be denied her civil rights which has occurred in all previous written and personal appearances over the past four and one half years.

The **"confession judgment"** essentially, is a "judicial lien" the state court has allowed to attach to Joanne Marie Roman property which is **federally exempted as her "homestead"** under federal bankruptcy law, **Joanne Marie Roman** remains in possession of the property as despite the discharge of the debt in bankruptcy and the owner of the property is Joanne Marie Roman who has paid all the takes current through December 31, 2025. No creditor has objected to the Debtor's homestead exemption.

Under **§ 522(f)(1)(A)**, a debtor may avoid the fixing of a lien "on an interest of the debtor in property to the extent that such lien impairs an exemption.

## II.    LEGAL GROUNDS

1. **Violation of the Automatic Stay:**

The **automatic stay** under **11 U.S.C. § 362(a)** prohibits any creditor form taking actions to collect or enforce a debt, including foreclosure , one a bankruptcy petition is filed. The recording of the

**Assignment of Mortgage** on **April 9, 2021**, violated the automatic stay as it was filed after the bankruptcy petition was filed and before the bankruptcy case was discharged.

The **automatic stay** remains in place until the bankruptcy case is officially closed under **11 U.S.C. § 362(c)(2)(A)**. Even after the closure of the bankruptcy case, the **discharge injunction** under **11 U.S.C. § 524** prohibits the enforcement of discharged debts, including action to foreclose action or ejectment action, on property tied to a debt that was discharged in full.

**In re: Fledler,** 428 B.R. 369 (Bankr. W.D. Pa. 2010) (holding that actions taken in violation of the automatic stay are void and cannot form the basis for a valid foreclosure).

2. **Bankruptcy Court's Jurisdiction Over Discharge Violations:**
Bankruptcy courts have exclusive jurisdiction to enforce discharge orders, including the ability to grant relief from actions violating the discharge.

See **11 U.S.C. § 524** and **In re: Greene, 104 F.3d 1066 (9th Cir. 1997)**, where the court held that the bankruptcy court has the authority to enforce discharge injunctions and issue remedies such as stays and injunctions.

3. **Invalidity of the Mortgage Assignment:**
**M&T Bank** is not the original lender but is a **third-party purchaser** only of the promissory note. As such, **M&T Bank** does not hold both the mortgage and the note at the time of the assignment, and therefore **lacks standing** to initiate foreclosure proceedings under Pennsylvania Law and the Uniform Commercial Code.

Under **Pa. Stat. Ann. Tit. 21 § 1123** (Uniform Commercial Code), the **assignee** must hold both the mortgage and the underlying not to have standing to enforce the debt. As **M&T Bank** only holds the promissory note and it is not the original creditor, it does not have the right to attach to the property because the debt is legally discharged and unenforceable in personal liability against the Debtor. Therefore, any foreclosure or ejectment action initiated by **M&T Bank is defective.**

**In re: Capps,** 145 B.R. 718 (Banker. E.D. Pa. 1992) (holding that a third-party purchaser without standing to hold both the note and mortgage cannot pursue a foreclosure action).

4. **Fraudulent Foreclosure and Violation of Bankruptcy Discharge:**
The **foreclosure action** commenced by **M&T Bank** in violation of the discharge order is improper and constitutes a fraudulent attempt to enforce a discharged debt. The **discharge**

**injunction** under **11 U.S.C. § 524(a)(2)** prohibits any creditor from attempting to collect on a debt that has been discharged in bankruptcy. Any attempt by **M&T Bank** to enforce the debt post-discharge, or a closed case, including the sale of the property and ejectment action, is a violation of the bankruptcy discharge and is subject to sanctions.

**In re: Boling**, 145 F.3d 818 (7th Cir. 1998) (holding that a creditor's violation of the discharge injunction could result in civil contempt sanctions).

5. **Irreparable Harm:**

The Debtor will suffer **irreparable harm** if the wrongful ejectment proceeds. The Debtor's **home** is at risk, and the harm cannot be adequately remedied by monetary damage alone. The Debtor would be deprived of her **constitutional rights to due process** and the protections afforded by the bankruptcy discharge.

6. **Likelihood of Success on the Merits:**

The Debtor has a **strong likelihood of success** on the merits, given the facts and legal arguments presented, and the actions of the creditor in obtaining a **money judgment lien** and proceeding with the **sheriff's sale** appear to be in violation of the **discharge injunction**. The discharge order prohibits the creditor from enforcing any debt discharged in the bankruptcy case, including the debt secured by the mortgage.

7. **Balance of hardship and Public Interest:**

The balance of hardships favors the Debtor, who will lose her home through the wrongful actions of the creditor. The public interest is served by ensuring that the integrity of bankruptcy discharges is upheld, and creditors do not circumvent the protections afforded to debtors under the **Bankruptcy Code.**

8. **Request for Temporary Restraining Order (TRO):**

The Debtor, **Joanne Marie Roman,** respectful requests that this Court issue a **Temporary Restraining Oder (TRO)** to prevent **M&T Bank** from continuing its ejectment action and enforcement of the fraudulent foreclosure sale until the underlying bankruptcy case can be reviewed on its merits. The creditors actions are clearly harmful to the Debtor and will result in irreparable harm If the TRO is not granted, as the Debtor's homestead rights are being violated and there is no valid basis for the foreclosure sale. The Debtor has a strong likelihood of success on the merits and in the balance of equities strongly favors granting the TRO to preserve the status quo pending final judgment.

## III.    REQUESTED RELIEF

Wherefore, the Debtor, **Joanne Marie Roman**, respectfully request that this Court:

1. **Issue a Temporary Restraining Order** immediately **staying the ejectment** and **enjoining the enforcement of the unlawful sheriff's sale** already commenced **September 20, 2024,** to prevent **M&T Bank** from proceeding with any further actions related to the ejectment or wrongful and unlawful foreclosure sale of the Debtor's federally exempted property located at 102 Artlee Avenue, Butler, Pennsylvania, 16001;

2. Stay any further **ejectment proceedings** or **enforcement actions** related to the **fraudulent foreclosure and sheriff's sale;**

3. Schedule a hearing on the **motion to reopen the bankruptcy case** and consider the legal validity of the foreclosure and ejectment action;

4. Set a hearing for a **preliminary injunction** to extend the stay of the ejectment while the bankruptcy court resolves the issues related to the discharge injunction, automatic stay violations and the validity of the creditors actions;

5. Grant any other such relief as the Court deems just and proper.

## IV.    CONCLUSION

The actions take by **M&T Bank** appears are clearly in violation of the Bankruptcy Code, the automatic stay and discharge injunction.  The discharge order is broad, powerful, unambiguous final and binding.  The Debtor respectfully requests that this Court act swiftly to issue a **Temporary Restraining Order (TRO)** to halt the unlawful ejectment action of the wrongful foreclosure and sale until the bankruptcy court can address the matter fully and render a decision.

**This verification is being made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsifications to authorities and under 28 U.S. Code § 1746 Unsworn declarations under penalty of perjury.  I declare under penalty of perjury that the foregoing is true and correct.**

_Joanne M. Roman_                                                          6/30/2025
Respectfully, Joanne Marie Roman, Pro Se                    Executed on Date: **June 30, 2025**
102 Artlee Avenue
Butler, Pa 16001
814 323-5853
jmroman0967@gmail.com

**Attached:**  Supporting documentation

ROMAN et al v. M & T BANK et al

**Pennsylvania Western District Court**
**Judge:**      W Scott Hardy
**Case #:**      2:23-cv-00308
**Nature of Suit**      440 Civil Rights - Other Civil Rights
**Cause**      42:1983 Civil Rights Act
**Case Filed:**      Feb 27, 2023

Docket     Parties (7)     Opinions (2)

**Docket last updated: 06/26/2025 11:59 PM EDT**

## Tuesday, June 24, 2025

91    

Remark:Correspondence to the Court from JOANNE ROMAN (cel)

     Att: 1   Exhibits - Part 1,

     Att: 2   Exhibits - Part 2,

     Att: 3   Exhibits - Part 3,

     Att: 4   Exhibits - Part 4,

     Att: 5   Exhibits - Part 5,

     Att: 6   Exhibits - Part 6,

     Att: 7   Envelope

## Monday, June 23, 2025

90    

ORDER OF COURT indicating that, Plaintiff having notified the Court (via89 Correspondence to the Court received 6/17/25) that due to her mistake she wishes to withdraw all of her motions pending with the District Court, and noting that she will be filing new motions (attached to the correspondence as exhibits) with the appropriate court, the United States Bankruptcy Court for the Western District of Pennsylvania, Plaintiff's request to withdraw her85 Motion to Avoid Lien is hereby granted. Signed by Judge W. Scott Hardy on 6/23/2025. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (kas)

## Tuesday, June 17, 2025

89    

Remark: Correspondence to the Court from JOANNE ROMAN (cel)

     Att: 1   Exhibit,

     Att: 2   Exhibit,

     Att: 3   Envelope

| 90 | Jun 23, 2025 | ORDER OF COURT indicating that, Plaintiff having notified the Court (via 89 Correspondence to the Court received 6/17/25) that due to her mistake she wishes to withdraw all of her motions pending with the District Court, and noting that she will be filing new motions (attached to the correspondence as exhibits) with the appropriate court, the United States Bankruptcy Court for the Western District of Pennsylvania, Plaintiff's request to withdraw her 85 Motion to Avoid Lien is hereby granted. Signed by Judge W. Scott Hardy on 6/23/2025. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (kas) (Entered: 06/23/2025) |
| | | Main Doc |
| | Jun 23, 2025 | Order AND ~Util - Terminate Motions |

88 | respoth | Response in Opposition | Fri 05/20 4:17 PM

RESPONSE IN OPPOSITION to75 Motion to Dismiss for Failure to State a Claim, Motion to Dismiss/Lack of Jurisdiction,77 Motion to Dismiss, Motion to Dismiss/Lack of Jurisdiction, Motion to Dismiss for Failure to State a Claim,, filed by JOANNE MARIE ROMAN. (cel)

Att: 1 🔊 Envelope

## Continue to Create Account

C.P. 109 – P

Praecipe for Writ of Possession
(ACTION OF EJECTMENT)

## THE COMMONWEALTH OF PENNSYLVANIA

### COUNTY OF Butler

M&T BANK
One Fountain Plaza
Buffalo, NY 14203

Plaintiff

vs.

JOANNE M. ROMAN
and/or Any and All Current Occupants.
102 Artlee Avenue
Butler, PA 16001

Defendants

IN THE COURT OF COMMON PLEAS

OF Butler COUNTY

AD-2024-10991

CP 25- 20859
✓ED 25- 30134

### PRAECIPE FOR WRIT OF POSSESSION

TO THE PROTHONOTARY:

Issue the Writ of Possession in the above matter, for possession of **102 Artlee Avenue Butler, PA 16001** (describe property)

SEE ATTACHED LEGAL DESCRIPTION

By:   **Danielle
DiLeva,
Esquire**

Digital Signer:Danielle
DiLeva, Esquire
DN:E=sanctions@kmllawgrou
p.com, O=KML Law Group
P.C., CN="Danielle DiLeva,
Esquire"
Date 6/5/2025 13:14:32 -04:00

Danielle M. DiLeva Pa ID. 328955
**KML LAW GROUP, P.C.**
**Attorneys for Plaintiff**



Instr: 202410090015124
Pgs 5 Ft $28.75                                        10/9/2024 8:33 AM
Michele Mustello                                       T202400122.62
Butler County Recorder PA
TOTAL TAX                                              $0.00

# AFFIDAVIT FILED

## SHERIFF'S DEED

### Know All Men By These Presents,

That I, Michael T. Slupe, Sheriff of the County of Butler, in the Commonwealth of Pennsylvania, for and in consideration of $1,621.12, to me, in hand paid, do hereby grant and convey to:

### M&T BANK

ALL the right, title, interest, and claim of **JOANNE M. ROMAN**, of, in, and to:

ALL that certain piece, parcel, or lot of land situate in **Butler Township**, County of Butler, and Commonwealth of Pennsylvania, bounded and described as follows:

ALL THAT CERTAIN lot of land situate in Butler Township, Butler County, Pennsylvania, being bounded and described as follows:

BEGINNING at a point at the west side of a 40-foot street, said point being at the southeastern corner of Lot No. 39;

THENCE along the west side of the 40-foot street, 135 feet to a line of lands of now or formerly Russell Diehl, being Lot No. 29 in the same Plan of Lots;

THENCE in a western direction along line of lands of now or formerly Russell Diehl, 164 feet to the juncture of Lots Nos. 18 and 32;

THENCE North along Lot No. 32, 135 feet to the juncture of Lots Nos. 37 and 38 in the same Plan;

THENCE East along Lots Nos. 38 and 39 164 feet to the place of beginning; BEING KNOWN AS: 102 ARTLEE AVENUE, BUTLER, PA 16001 PROPERTY ID NUMBER: 056 19 B310000
BEING THE SAME PREMISES WHICH BARBARA JEAN EVANS, A SINGLE WOMAN BY DEED DATED 7/26/2017
AND RECORDED 8/9/2017 IN THE OFFICE OF THE RECORDER OF DEEDS IN DEED INSTRUMENT NUMBER: 201708090016795, GRANTED AND CONVEYED UNTO JOANNE M. ROMAN, A SINGLE WOMAN.

## IN THE COURT OF COMMON PLEAS OF BUTLER COUNTY,
## PENNSYLVANIA

| | | |
|---|---|---|
| **M&T BANK,** | : | **CIVIL DIVISION** |
| | : | |
| **Plaintiff,** | : | **A.D. No. 2024-10991** |
| | : | |
| v. | : | |
| | : | |
| **JOANNE M. ROMAN and Occupants,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |
| | : | |
| | : | |
| | : | |

Attorney for Plaintiff: Sean Duffy, Esq.
Attorney for Defendant: Pro se

**Streib, J.**

### ORDER OF COURT

**AND NOW**, this _2_ day of June, 2025, upon consideration of Plaintiff's *Motion for Judgment on the Pleadings* and Defendants' Response thereto, it is hereby **ORDERED** and **DECREED** that Plaintiff's Motion is **GRANTED**.

It is further **ORDERED** that judgment is entered in favor of Plaintiff and against Defendant for possession of the property located at 102 Artlee Avenue, Butler, PA 16001.

**By the Court,**

_Kelley T. D. Streib, Judge_

jmr

**KML Law Group, P.C.**
SUITE 5000
701 MARKET STREET
PHILADELPHIA, PA 19106-1532
(215) 627-1322
ATTORNEY FOR PLAINTIFF

| | |
|---|---|
| **M&T BANK**<br>One Fountain Plaza<br>Buffalo, NY 14203<br><br>          Plaintiff<br><br>     vs.<br><br>**JOANNE M. ROMAN**<br>and/or Any and All Current Occupants.<br>102 Artlee Avenue<br>Butler, PA 16001<br><br>          Defendant(s) | IN THE COURT OF COMMON PLEAS<br>OF Butler COUNTY<br><br>CIVIL ACTION - LAW<br><br>ACTION OF EJECTMENT<br><br>No. AD-2024-10991 |

## CERTIFICATION AS TO COMPLIANCE WITH THE PENNSYLVANIA CASE RECORDS PUBLIC ACCESS POLICY, SECTION 7.0 CONFIDENTIAL INFORMATION

Plaintiff, by counsel, hereby certifies that this filing complies with the provisions of the Case Records Public Access Policy of the Unified Judicial System of Pennsylvania that require filing confidential information and documents differently than non-confidential information and documents and that confidential information and documents have been redacted in accordance with controlling privacy statutes and that confidential information is not required by law, ordered by the court or is not otherwise necessary to effect the disposition of this matter.

By:   **Danielle DiLeva, Esquire**

Digital Signer:Danielle DiLeva, Esquire
DN:E=evictions@kmllawgroup.com, O=KML Law Group P.C., CN="Danielle DiLeva, Esquire"
Date:6/5/2025 13:14:44 -04:00

Danielle M. DiLeva Pa ID. 328955
**KML LAW GROUP, P.C.**
**Attorneys for Plaintiff**

# PROTHONOTARY OF BUTLER COUNTY



**Kelly Ferrari**
*Prothonotary*

---

M&T BANK
vs.
JOANNE M. ROMAN (et al.)

**Case Number**
ED-2025-30134

---

## CASE LEDGER

| DATE | CATEGORY | MEMO | CHK # | DEBIT | CREDIT |
|------|----------|------|-------|-------|--------|
| 06/24/2025 | Filing Fee | Writ of Possession Filing Fee | 989513 | $0.00 | $46.00 |
| 06/24/2025 | County Filing Fee | | | $46.00 | $0.00 |
| | | | | $46.00 | $46.00 |

| TOTAL BALANCE: | $0.00 |
|---|---|



Close | Ledger | Documents

🖶 Print ▾

## WRIT OF POSSESSION

Date filed:  06/24/2025 03:50 PM     Days Open: 3

Date closed:  [blank]     Status: OPEN

### Case Participants

**Plaintiff**     1 of 1

M&T BANK
ONE FOUNTAIN PLAZA
BUFFALO, NY 14203

◀                    ▶

**Defendant**     1 of 2

JOANNE M. ROMAN
102 ARTLEE AVENUE
BUTLER, PA 16001

▶

VS

**Attorney**     1 of 1

KML LAW GROUP, P.C.
701 MARKET STREET
SUITE 5000
PHILADELPHIA, PA 19106

No Attorney

### Case Information

| Filing Date | Assigned Official |
|---|---|
| 06/24/2025 | Official Not Assigned |

| Case Complexity | Commencement Category |
|---|---|
| No Case Complexity Selected | No Commencement Category Selected |

Filing Options

| Pro Se | Class Action Suit | Money Damages | Outside Arbitration Limits | MDJ Appeal | In Forma Pauperis |
|---|---|---|---|---|---|

Public Notes

Reference Number(s)

### Case Dispositions

| Date | Disposition Type | Disposition Category |
|---|---|---|

There are no dispositions assigned to this case

### Linked Cases

| Date | Case No. | Caption | Category | Status |
|---|---|---|---|---|
| 06/03/2025 | CP-2025-20859 | M&T BANK VS. JOANNE M. ROMAN | Judgment/Possession | Open: 24 days |

### Case Docket Entries

| Date | Category | | Description | |
|------|----------|--|-------------|--|
| 06/24/2025 | WRIT ISSUED TO SHERIFF | | WRIT ISSUED TO SHERIFF | |
| 06/24/2025 | PRAECIPE FOR WRIT OF POSSESSION | | PRAECIPE FOR WRIT OF POSSESSION | |

### Case Judgments

| Date | Debtor | Creditor | Description | Status | Date | Amount |
|------|--------|----------|-------------|--------|------|--------|
| 06/24/2025 | OCCUPANTS | M&T BANK | POSSESSION | ACTIVE | | $0.00 |
| 06/24/2025 | JOANNE M. ROMAN | M&T BANK | POSSESSION | ACTIVE | | $0.00 |

CountySuite © 2025



# Kelly L. Ferrari
## Prothonotary
P.O. Box 1208, Butler, PA 16003-1208
Telephone: (724) 284-5214    TDD Users Call:  (724) 284-5473
Facsimile:  (724) 431-1086
www.butlercountypa.gov

Dayna L. Roskovski, Chief Deputy
Heather A. Kovach, Second Deputy
John J. Bench, Esq., Solicitor

RE: RETURN OF DOCUMENT
C.P. 25-20859

The attached document has been returned to you without being docketed by the Prothonotary
because it is deficient in the following respect.

( )  Proper fee is not enclosed, the fee is $
( )  Document is not signed or have an original signature
( )  Complete enclosed form
( )  Incorrect County
( )  The Attorney listed is not the Attorney of record to Satisfy/Discontinue
( )  Attorney's signature needs to be notarized
( )  Needs to be original mailing receipts/proof of service
( )  Caption is incorrect
( )  Dollar amount of Praecipe is incorrect as to the Original Complaint
( )  Please file a Praecipe for Appearance
( )  Please remove the Magistrate fees from the Judgment amount
( )  The Sheriff needs one (1) copy per Defendant for service
( )  Sheriff does not have service upon the Defendant
( )  Praecipe should be "Amend & Reissue"
( )  Your filing does not contain the cover sheet as required by Butler County Rule 205.2(b.)
( )  Your filing does not contain the Notice of Consumer Credit or Residential Mortgage
       Foreclosure Diversion Program required by Butler County Local Rule L 205.2(c).
( )  Your filing does not contain the Affidavit of Service and status pursuant to Butler County
       Local Rules L. 1143(e) , L 1034(a)1;  L 1035.2(a); L 3129.1(b) and L-3256.
(XX)  JUDGMENT FOR POSSESSION WAS ALREADY FILED BY ORDER OF COURT AND ONLY THE
       FILING FEE OF $27.00 IS NOW DUE FOR CASE NUMBER CP-2025-20859.
(XX)  YOU HAVE NOT INCLUDED A CHECK OR INSTRUCTIONS FOR THE SHERIFF.

Your compliance with the above will expedite the processing of your document.  Should you have
any questions on the above, please contact our office at (724) 284-5214.

Kelly L. Ferrari, Prothonotary

# PROTHONOTARY OF BUTLER COUNTY



**Kelly Ferrari**
*Prothonotary*

---

M&T BANK
    vs.
JOANNE M. ROMAN (et al.)

**Case Number**
CP-2025-20859

---

## CASE LEDGER

| DATE | CATEGORY | MEMO | CHK # | DEBIT | CREDIT |
|------|----------|------|-------|-------|--------|
| 06/03/2025 | County Filing Fee | Judgment by Order of Court | | $27.00 | $0.00 |
| | | | | **$27.00** | **$0.00** |

| | |
|---|---|
| **TOTAL BALANCE:** | $(27.00) |

M&T BANK

v.

JOANNE M. ROMAN

IN THE COURT OF COMMON PLEAS

OF BUTLER COUNTY, PA

CIVIL DIVISION

50TH JUDICIAL DISTRICT

## NOTICE OF JUDGMENT OF POSSESSION

June 03, 2025

JOANNE M. ROMAN
102 ARTLEE AVENUE
BUTLER, PA 16001

**Case No:**
CP-2025-20859

--------------------------------------------------------------------------------

You are hereby notified that a Judgment of Possession has been entered against you on
June 03, 2025, 10:34 AM in the Court of Common Pleas of Butler County Prothonotary's Office
at the above number and term.

Please note this is not a lawsuit or a bill. It is simply a notification of the Recording.

If you have any questions concerning this matter,
please contact:
*KML LAW GROUP, P.C.*
*701 MARKET STREET*
*SUITE 5000*
*PHILADELPHIA, PA 19106*

KELLY FERRARI
Butler County Prothonotary
Date: June 3, 2025, 10:34 AM

(This notice is given in accordance with Pa.R.C.P.236.)

**CountySuite™**
**CIVIL COURT**

Butler County Public   Home   Help

CASE DETAILS
M&T BANK VS. JOANNE M. ROMAN                                        CP-2025-20859

| Close | Ledger | Documents |

🖨 Print ▾

| | Days Open: |
|---|---|
| Date filed: | 06/03/2025 02:48 PM | 24 |

Status:

| Date closed: | | OPEN |

## JUDGMENT/POSSESSION

### Case Participants

**Plaintiff**                                    1 of 1

**M&T BANK**
ONE FOUNTAIN PLAZA
BUFFALO, NY 14203

◀                                                              ▶

**Defendant**                                   1 of 2

**JOANNE M. ROMAN**
102 ARTLEE AVENUE
BUTLER, PA 16001

**VS**

**Attorney**                                    1 of 1

**KML LAW GROUP, P.C.**
701 MARKET STREET
SUITE 5000
PHILADELPHIA, PA 19106

**No Attorney**

### Case Information

| Filing Date | Assigned Official |
|---|---|
| 06/03/2025 | Official Not Assigned |
| Case Complexity | Commencement Category |
| | No Commencement Category Selected |

**Filing Options**

| Pro Se | Class Action Suit | Money Damages | Outside Arbitration Limits | MDJ Appeal | In Forma Pauperis |
|---|---|---|---|---|---|

Public Notes

Reference Number(s)

### Case Dispositions

| Date | Disposition Type | Disposition Category |
|---|---|---|
| | There are no dispositions assigned to this case | |

### Linked Cases

| Date | Case No. | Caption | Category | Status |
|---|---|---|---|---|
| 10/30/2024 | AD-2024-10991 | M&T BANK VS. JOANNE M. ROMAN | Civil: Real Property | Open: 240 days |
| 06/24/2025 | ED-2025-30134 | M&T BANK VS. JOANNE M. ROMAN | Writ of Possession | Open: 3 days |

**Case Docket Entries**

| Date | Category | Description | | | |
|------|----------|-------------|--|--|--|
| 06/24/2025 | ED | ED 25-30134 | | | |
| 06/10/2025 | RETURN OF DOCUMENT | RETURN OF DOCUMENT | | | 📎 |
| 06/03/2025 | RULE 236 NOTICE OF JUDGMENT | RULE 236 NOTICE THE PROTHONOTARY OF BUTLER COUNTY, PENNSYLVANIA HEREBY CERTIFIES THAT A COPY OF THE FOREGOING NOTICE OF JUDGMENT WAS MAILED TO DEFENDANT(S) BY FIRST… | | | 📎 |

**Case Judgments**

| Date | Debtor | Creditor | Description | Status | Date | Amount |
|------|--------|----------|-------------|--------|------|--------|
| 06/03/2025 | OCCUPANTS | M&T BANK | POSSESSION | ACTIVE | | $0.00 |
| 06/03/2025 | JOANNE M. ROMAN | M&T BANK | POSSESSION | ACTIVE | | $0.00 |

CountySuite © 2025

6/28/25, 12:02 PM Case 21-20642-GLT Doc 26 Filed 07/02/25 Entered 07/09/25 16:29:55 Desc Main

CountySuite
CIVIL COURT

Close | Ledger | Documents

Document Page 22 of 33
CASE DETAILS

M&T BANK VS. JOANNE M. ROMAN

Butler County Public News Help

AD-2024-10991

Print

| | |
|---|---|
| Date filed: | 10/30/2024 04:12 PM |
| Date closed: | |

Days Open: 240
Status: OPEN

# CIVIL: REAL PROPERTY - EJECTMENT

## Case Participants

**Plaintiff**     1 of 1

**M&T BANK**
ONE FOUNTAIN PLAZA
BUFFALO, NY 14203

**Defendant**     1 of 2

**JOANNE M. ROMAN**
102 ARTLEE AVENUE
BUTLER, PA 16001

VS

**Attorney (Plaintiff)**     1 of 1

**KML LAW GROUP, P.C.**
701 MARKET STREET
SUITE 5000
PHILADELPHIA, PA 19106

**No Attorney**

## Case Information

| Filing Date | Assigned Official |
|---|---|
| 10/30/2024 | Kelley T D Streib (Judge) |
| Case Complexity | Commencement Category |
| | Complaint |

Filing Options

Pro Se    Class Action Suit    Money Damages    Outside Arbitration Limits    MDJ Appeal    In Forma Pauperis

Public Notes

Reference Number(s)

## Case Dispositions

| Date | Disposition Type | Disposition Category |
|---|---|---|
| 06/03/2025 | AOPC | I - Other |

## Linked Cases

| Date | Case No. | Caption | Category | Status |
|---|---|---|---|---|
| 06/03/2025 | CP-2025-20859 | M&T BANK VS. JOANNE M. ROMAN | Judgment/Possession | Open: 24 days |

## Case Docket Entries

| Date | Category | Description | |
|------|----------|-------------|---|
| 06/16/2025 | TRANSCRIPT OF | MOTION FOR SUMMARY JUDGMENT PROCEEDINGS HELD ON 5/15/25 BEFORE THE HONORABLE KELLEY T.D. STREIB | |
| 06/05/2025 | REQUEST FOR TRANSCRIPT OR COPY BUTLER COUNTY | REQUEST FOR TRANSCRIPT OR COPY BUTLER COUNTY - 25-196 | 📎 |
| 06/03/2025 | JUDGMENT ENTERED AT CP | JUDGMENT ENTERED AT CP 25-20859 AS PER ORDER OF COURT | |
| 06/03/2025 | RULE 236 NOTICE | RULE 236 NOTICE THE PROTHONOTARY OF BUTLER COUNTY, PENNSYLVANIA HEREBY CERTIFIES THAT A COPY OF THE FOREGOING ORDER WAS MAILED TO: KML LAW GROUP PC; JOANNE ROMAN ON… | |
| 06/03/2025 | ORDER OF COURT | ORDER OF COURT DATED 6/2/25 PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS IS GRANTED. JUDGMENT IS ENTERED AGAINST DEFENDANT FOR POSSESSION OF THE PROPERTY LOCATED AT 102… | 📎 |
| 05/02/2025 | ANSWER | ANSWER WITH COUNTER COMPLAINT COUNTER MOTION DISMISS FOR FAILURE TO STATE A CLAIM | 📎 |
| 04/01/2025 | RULE 236 NOTICE | RULE 236 NOTICE THE PROTHONOTARY OF BUTLER COUNTY, PENNSYLVANIA HEREBY CERTIFIES THAT A COPY OF THE FOREGOING ORDER WAS MAILED TO: KML LAW GROUP PC; JOANNE ROMAN ON… | |
| 04/01/2025 | ORDER OF COURT | ORDER OF COURT DATED 3/27/2025 ARGUMENT ON PLAINTIFF'S MOTION FOR JUDGEMENT ON THE PLEADINGS AND BRIEF IN SUPPORT THEREOF SCHEDULED FOR 5/15/2025 AT 10:00AM IN COURTROOM 4.… | 📎 |
| 03/12/2025 | MEMORANDUM OF LAW | PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR JUDGEMENT ON THE PLEADING | 📎 |
| 03/12/2025 | MOTION FOR JUDGMENT ON THE PLEADINGS | PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS | 📎 |
| 02/21/2025 | ANSWER | ANSWER | 📎 |
| 02/18/2025 | SHERIFF RETURN OF SERVICE | SHERIFF'S RETURN - CIVIL ACTION - COMPLAINT IN EJECTMENT (CIEJ) SHERIFF COSTS: $97.20 | 📎 |
| 02/10/2025 | COPY TO SHERIFF | COPY TO SHERIFF (2) ATTY (1) | |
| 02/10/2025 | COMPLAINT REINSTATED | COMPLAINT REINSTATED | 📎 |
| 02/10/2025 | PRAECIPE TO REINSTATE COMPLAINT | PRAECIPE TO REINSTATE COMPLAINT | 📎 |
| 01/29/2025 | RULE 236 NOTICE | RULE 236 NOTICE THE PROTHONOTARY OF BUTLER COUNTY, PENNSYLVANIA HEREBY CERTIFIES THAT A COPY OF THE FOREGOING ORDER WAS MAILED TO: KML LAW GROUP PC; JOANNE ROMAN ON… | |
| 01/29/2025 | ORDER OF COURT | ORDER OF COURT DATED 1/28/25 IT IS ORDERED THAT MOTION FOR SUBSTITUTED SERVICE IS GRANTED. IT IS HEREBY ORDERED AND DECREED THAT PLF'S MOTION IS GRANTED AND THE SHERIFF IS… | 📎 |
| 12/23/2024 | MOTION | MOTION FOR SUBSTITUTED SERVICE | 📎 |
| 11/27/2024 | SHERIFF RETURN OF SERVICE | SHERIFF'S RETURN - CIVIL ACTION - COMPLAINT IN EJECTMENT (CIEJ) SHERIFF COSTS: $130.12 | 📎 |
| 11/13/2024 | ASSIGNMENT OF JUDGE | ASSIGNMENT OF JUDGE - THE HONORABLE KELLEY T.D. STREIB | 📎 |
| 10/30/2024 | COPY TO SHERIFF | COPY TO SHERIFF (2) | |
| 10/30/2024 | COMPLAINT IN CIVIL ACTION | COMPLAINT IN EJECTMENT - PROPERTY SITUATE IN BUTLER TWP, BUTLER COUNTY, PA TAX PARCEL #056-19-B31-0000; 102 ARTLEE AVENUE, BUTLER, PA, 16001 | 📎 |
| 10/30/2024 | SUPREME COURT OF PENNSYLVANIA CIVIL COVER SHEET | SUPREME COURT OF PENNSYLVANIA CIVIL COVER SHEET | 📎 |

**Case Judgments**

| Date | Debtor | Creditor | Description | Status | Date | Amount | |
|------|--------|----------|-------------|--------|------|--------|---|

No case judgments

CountySuite © 2025

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | ) | |
| JOANNE M. ROMAN, | ) | Case No. 21-20642-GLT |
| Chapter 7 Debtor. | ) | |
| | ) | |

### MOTION TO REOPEN CASE UNDER 11 U.S.C § 350(b)

### MOTION TO AVOID JUDGMENT LIEN PURSUANT TO 11 U.S.C. § 522(f)(1)(A) AND FOR CIVIL CONTEMPT SANCTIONS FOR VIOLATION OF DISCHARGE

### INJUNCTION PURSUANT TO 11 U.S.C. §§ 105(a) and 524(a)(2) MOTION FOR RELIEF UNDER THE BANKRUPTCY DISCHARGE

Debtor, Pro se, respectfully moves this Court for the following relief:

**NOW COMES** the Debtor, **Joanne Marie Roman,** pro se and respectfully moves this Honorable Court to issue an order relief **11 U.SC. § 524** by avoiding the money **judgment lien for premises** and **"confession judgment"** judicial lien ejectment for possession obtained by **M&T Bank** after the bankruptcy case was closed, and to determine that the judgment liens are invalid and void under the bankruptcy discharge.

In support of this motion, the Debtor respectfully alleges as follows:

## I.  BACKGROUND

A. This case arises from the deliberate acts of Defendants—at state court judge, attorneys, and a bank—in imitating and pursuing **state court circumventing around the federal law filed a mortgage foreclosure** proceeding against the Plaintiff named as the defendant sued in REM. Continuation of a process prior to bankruptcy filing December 4, 2020, no assignment of mortgage recorded in state land records by Defendant Bank.

B. Pennsylvania state law governs foreclosure of a state court action involving mortgage where the **United States is not named as a party but should have been** (often due to a federal mortgage lien) **28 U. S. C. § 2410** is the key federal law to consider. This statue provides the authority for the **United States to be sued in state court** or **federal court in actions like those to <u>quiet title forecloses a mortgage or other claim or lien</u>.** Important consideration is *"Judicial foreclosure"* the Defendant, The Honorable William R. Shaffer, Senior Judge and Defendants, KML Law Group, Attorneys for Defendant, M&T Bank know law in Pennsylvania for state court there is a requirement action to name the United States under this section and **must seek a sale. Lien Priorities a subordinate federal lien <u>cannot be extinguished by non-judicial foreclosure</u> and requires a Waiver of Sovereign Immunity**.

C. The Defendants are in violation of federal bankruptcy law, constitutional protections, and the Supremacy Clause.

D. The foreclosure suit resulted in a $214,189.43 money judgment for premises.

E. A second suit named the Plaintiff the defendant sued in a quiet title action resulted a confession judgment "judicial lien" for premises but with $0.00, notwithstanding that the debt has been legally discharged.

F. 341 Meeting of the creditors held **May 3, 2021,** after conclusion of meeting. None of debtors' creditors appeared.

G. Debtor claimed federal homestead exemption under **11 U.S.C. § 522(d)(1)** $191,000 Appraisal value was used, which was allowed without objection, and the property remains the Debtor's primary residence. The entire bankruptcy estate was able to be federal exempted (no assets available for distribution to the creditors) the U.S. Trustee distributed to debtor in possession and control. No objection filed by any creditor. No proof of claim filed by any creditor.

H. The Debtor filed a **Chapter 7** bankruptcy petition. The creditor **M&T Bank** is listed as a creditor in the bankruptcy case schedules and served. **M&T Bank** appears on the Plaintiff discharge order. The promissory note mortgage debt discharged pursuant **11 U.S.C. § 727** and order was entered on **July 7, 2021,** and case closure on **July 28,** 2021. No objections were

raised to the discharge of its claim because none of the debtors' creditors appeared at the 341 creditors meeting held **May 3, 2021** and the case was closed **11 U.S.C. § 350**.

I. Despite the bankruptcy discharge, **M&T Bank** filed for a summary judgment and obtained a **judicial monetary judgment with a value of $214,189.43 for premises and a confession judgment for possession with a value of $0.00** on the Debtor's property located at **102 Artlee Avenue Butler Pennsylvania 16001** (without due process of law and opportunity to redress).

J. The underlying debt, allegedly secured by a promissory note, was scheduled and discharged in the above-captioned bankruptcy proceeding. No reaffirmation agreement was executed, and no objections were raised to the discharge of its claim.

K. The Debtor now seeks to avoid those liens as they were obtained in violation of the discharge order.

L. The creditor bank now is not only is seeking has succeeded enforcement of several wrongful post-discharge state court actions against the debtor and this creditor was "not the original lender", and "Debtor **never** signed any agreement" with the current entity.

M. Plaintiff asserts that Defendants foreclosure action is **barred by the automatic stay** provisions of the Bankruptcy Code as well as by the discharge injunction. The Defendant M&T Bank **lacks standing** to pursue a mortgage foreclosure in state court action due to **absence of a valid, recorded assignment of the mortgage recorded during the automatic stay period April 9, 2021, of the Plaintiffs bankruptcy case and after the Plaintiff filed the bankruptcy petition March 22, 2021. The Mortgage assignment is defective and improper.**

N. Defendant M&T Bank proceeded to commence unlawful acts without consent or notice given to the owner who was in Puerto Rico visiting with family pending the closing of the home to receive approximately $30,000 by wire transfer but the Plaintiffs property was broken into **non-judicial action** MSI invoices paid by bank December 20, 2020 (change door locks) which halted a private real estate sales contract executed November 8, 2020, scheduled to close December 28, 2020 because the buyers bailed same date the home was posted November 18, 2020 and an inspection was completed November 19, 2020. The buyers realtor email Plaintiff's realtor a release from contract, the Plaintiff refused to sign he release of the $2,000

hand money because the buyers home inspector caused damage to the Plaintiffs property received water damage that flooded the basement and requested the hand money be paid to her relator to dry up the water to put home back into condition which it was found prior to their inspection so the home could continue to be marketed for sale.

O. Defendant M&T Bank has continued unlawful harassment using the state court procedures as machinery ignoring the bankruptcy discharge injunction were allowed to proceed to commence essentially illegal actions of fraudulent claims against the debtor filing lawsuits to remove her from her exempted property. The state court system is allowing an unlawful debt collection authorized revival of a promissory note debt discharged in bankruptcy court and reformed a mortgage back into MERSCORP without any agreement with the debtor plaintiffs consent.

P. It has been almost five years, and the Plaintiff still has not had any relief of a fresh start battling one court case after another in defense of property which is 100% exempted 11 U.S.C. 522(d)(1) the bank clouded owners title fraud transfer by state court unconstitutional action without due process of law in collection of a discharged debt illusion a secured mortgage is in default. The debtor filed a 42 U.S.C. 1983 in the U.S. District Court Western District, Pa. Case No. 2:23-cv-00308-WSH.

II. **POST DISCHARGE EVENTS - State Court Action**

A. Wrongful Mortgage Foreclosure discharged debt collection (without due process) AD 2022-10337 Complaint filed 5/13/2022 by KML Law Group PC debt collection attorney for M&T Bank. Judge order for judgment 7/12/2023 with Memorandum of Opinion 7/13/2023.

B. Oral argument held 6/21/2023 state case CP 2023-21203 Judge issued a summary judgment in value of $214,189.43 money judgment for premises on 8/14/2023 Writ of Execution. Case ED 2023-30130 was created for the Sheriff Levy of the debtor's property commenced a sale 9/20/2024 to M&T Bank for value of $1,400.08. The Sheriff issued a deed recorded 10/9/2024 mailed to M&T Bank and the Order dated 11/2/2024 reformed mortgage into MERS System Corp recorded in the deed records. See attached [**Exhibit 4**]. This unlawful seizure of property (without due process) of a hearing by subpoena or opportunity to redress.

The Sheriff Sale is a fraudulent Conveyance deed (without due process) clouds owner general warranty deed and guaranteed land title insurance policy.  M&T Bank filed a 5/15/2025 lawsuit filed **quiet title** action for judgment on pleadings asking for possession of debtors exempted property without possessing a paramount title to the property does not possess standing in accordance with Pa. statute to commence an ejectment of the debtor from property and motion to keep all debtors belonging in house without having actual physical possession of the property for not less than 10 years.

C.   The state court Judge issued order June 2, 2025, in state court action is unconstitutional, by grant of the "Confession" of Judgment" in the Common Plea Court of Pa" PA Rule of Civ. P. 236 "for Premises seeking" "possession of Debtor's "exempt residence", asserting $0.00 in "monetary value" currently in progress, state court pending payment to serve possession on debtor by Sheriff (without due process) this action requires service notice to defend be given 30 days allowed to petition strike judgment.

D.   Debtor was never served with any valid copy of the underlying note, and the confessed judgment appears to rely on a "discharged obligation" and/or a "non-existent agreement".

E.   The confessed judgment is functionally a "judicial lien" that impairs the Debtor's homestead exemption under 11 U.S.C.§ 522(f)(1)(A).

F.   The act of filing and attempting to enforce this judgment is a violation of the "discharge injunction" under 11 U.S.C. §524(a)(2).


## III.    LEGAL GROUNDS

### A.    Motion to Reopen Case Under 11 U.S.C. § 350(b):

1.   A bankruptcy case may be reopened "to accord relief to the debtor" or "for other cause" **11 U.S.C. § 350(b)**; "**In re Arana**", 456 B.R. 161 (Bankr. E.D.NY. 2011).

2.   Cause exists to reopen the case in order to avoid the judicial lien, and money judgment protect the discharge injunction, and prevent unlawful enforcement of a discharge debt.

3.   The judgment lien obtained by **M&T Bank** after the bankruptcy discharge is in direction violation of the discharge in junction under **11 U.S.C. § 524(a)**.  The debt was

discharged, and no actions could be taken in filing a lawsuit of having a sheriff sale enforce the debt, including obtaining a judgment lien or pursuing a foreclosure.

**B. Lien Avoidance 11 U.S.C. § 522(f)(1)(A):**

1. The confessed judgment constitutes a "judicial lien", defined in **11 U.S.C § 101(36)**, which attaches to Debtor's exempt property.

2. Under **§ 522(f)(1)(A)**, a debtor may avoid the fixing of a lien "on an interest of the debtor in property to the extent that such lien impairs an exemption."

3. Here, the Debtor's residence **home** is a fully exempt asset under Pennsylvania law, and the judgment impairs that exemption. The judgment lien impairs the debtors ability to fully enjoy her exemption in the property under **§ 522(d)(1)**.

4. See "**In re Miller**", 299 F.3d 183 (3rd Cir. 2002); "**In re Holland**", 151 F.3e 547 (6th Cir 1998).

**C. Bankruptcy Courts Authority to Void Judgment Lien:**

Bankruptcy Courts have the authority to avoid a judgment lien under **Violation of Discharge Injunction 11 U.S.C. § 524(a)(2) and 11 U.S.C § 522(f).** . The debtor has a discharge in bankruptcy. The federal Statute **11 U.S.C. § 524(a)(2)** operates as an injunction. "A discharge…operates as an injunction against the commencement or continuation of an action… or an act, to collect, recover or offset any such debt as a personal liability of the debtor…"

1. The Supreme Court has held that contempt may be appropriate where a creditor conduct is "objectively unreasonable" in light of the discharge order. *"Taggart v. Lorenzen", 139 S. Ct. 1795 (2019).*

2. See **In re: Hyman,** 502 F.3d 61 (2nd Cir. 2007), where the court held that a bankruptcy court has the authority to void post-bankruptcy liens that violate the discharge injunction.

3. Attempting to obtain and enforce a state court judgment for possession based on discharge of the "unsecured debt" is a direct violation of the federal injunction **11 U.S.C. § 524(a)(2).**

4.  This court has authority to preempt or enjoin enforcement under the **Supremacy Clause** and consistent with federal bankruptcy law.  See "**Gonzales v. Parks**", 830 F2d 1033 (9th Cir. 1987)**.**

5.  "The Supreme Court case of D.H. "**Overmyer Co. v. Frick**" Co. (1972) addressed the constitutionality of a confession of judgment, … The Court also indicated that confession of judgment clauses in adhesion contracts, where there is an unequal bargaining power, may still be unconstitutional."

6.  Collateral Attack of the bankruptcy discharge order and Improper Collection **In re Nassoko**, *405 B.R. 515 (Bankr. S.D.NY. 2009)* held that enforcement of **judgment** on a discharged debt is a **violation of the discharge injunction**, and such actions may be **void.**

7.  **In re Gurrola,** *328 B.R. 158 (B.A.P. 9th Cir. 2005)* Creditor cannot "collaterally attack" a bankruptcy court's discharge order by seeking collection through other courts; the discharge is **final and binding**.

8.  **Violation may be unconstitutional (Due Process & Supremacy Clause).** If a **state court confession of judgment** is used to circumvent a federal discharge, it raises issues under the **Supremacy Clause** and **Due Process.  Relevant Authority:**

9.  **Kalb v. Feuerstein**, *308 U.S. 433 (1940)* state court actions that contravene bankruptcy court order are **void ab initio**, and the bankruptcy jurisdiction is **exclusive.**

10. **Taggart v. Lorenzen**, *139 S. Ct. 1795 (2019)*, A creditor may be held in contempt if it acts to collect a discharge debt, unless it has an **objectively reasonable basis** to believe the discharge does not apply.

11. **United States v. Beggerly**,*524 U.S. 38 (1998)*, Federal court orders (including bankruptcy discharges) cannot be challenged or circumvented through collateral attacks.

12. **In re Pavelich**, *229 B.R. 777 (B.A.P. 9th Cir. 1999)*, Attempting to enforce a discharge debt in state court violates the discharge injunction; such enforcement is **void and sanctionable**.

13. **Violation of Discharge Injunction – 11 U.S.C. § 524(a)(2).** The discharge order
"operates as an injunction against … any act to collect recover or offset any such debt."

## IV.   STATE LAW ISSUES

A. **Debtor reserves all rights to challenge the state court judgment under "PA R.C.P.
2959", on grounds of lack of a valid agreement, improper confession clause, and post-
discharge bar.** Rule 2959 mandates that all reasons for striking or opening the judgment
must be included in this single petition.

B. This statute governs the procedure for striking or opening a judgment by confession in
Pennsylvania. Specifically, it outlines how a party can seek relief from a confessed
judgment, requiring that all grounds for such relief be raised in a single petition. The rule
also addresses the timing of the petition and the potential for staying proceedings related to
opening the judgment.

C. **Seeking Relief,** a defendant seeking to challenge a confessed judgment must file a petition
with the court, but not until is served by the Sheriff and then defendant has 30 days to file a
petition. Rule 2959(e) allows the court to consider various forms of evidence, such as
testimony, depositions, and admissions, to determine the merits of the petition. Rule 2959
applies to judgments entered by confession where the underlying transaction is **not a
consumer credit transaction,** and the instrument is less than 20 years old.

D. **The debtor has commenced this option for the past judgment received 8/14/2023, filed
a petition in state court with motion to open and strike judgment on basis of §522(f)
bankruptcy exempted property… 10/23/2023 and was denied by the Judge 10/25/2023.**

## V.   PRAYERS REQUEST FOR RELIEF

**Wherefore,** Debtor respectfully request that this Court enter an order:

1. Reopening this Chapter 7 case under **11 U.S.C. § 350(b)**;
2. Avoid the Confessed Judgment as for lien(s) placed by **M&T Bank** on the Debtor's property
located at **102 Artlee Avenue Butler, Pennsylvania 16001,** and declare the lien(s) **void and
unenforceable** under the **11 U.S.C. § 522 (f)(1)(A)** as described under **Exhibit 2 and**

Exhibit 3 H4003d Local Form See **11 U.S.C. § 349(b)** Attach supporting memorandum and other information as needed;

3. Holding the creditor in contempt for violation of the discharge injunction under **11 U.S.C. §542(a)(2)**, and awarding appropriate sanctions, including costs and damages.

4. Enjoining any further collection efforts or enforcement actions on the discharged debt;

5. Request for issue of an order declaring the actions taken under the color of state law by **M&T Bank, KML Law Group Attorneys, and State Court Judges** are in violation of the **discharge injunction** and that the liens are invalid attempts to collect a debt that was discharged in bankruptcy is viewed as collateral attack a Bankruptcy Judge's Court Order.

6. Address the state defiance of federal law by the state court and order they appropriately cure and remove all fraudulent instruments in the court and deed records which have clouding the Plaintiff's rights of enjoyment of her exempted property and the Debtor's rights entitlement under General Warranty Deed to sell or transfer by which is the real owner of the property 102 Artlee Avenue Butler Pennsylvania 16001 who possesses the Paramount title to the property back by guaranteed land title of her uncontestable life insurance policy attached to the property for her heirs to have and to hold by virtue of the General Warranty Deed conveyed.

7. Grant any other or additional relief as the Court deems just and proper.

**This verification is being made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsifications to authorities and under 28 U.S. Code § 1746 Unsworn declarations under penalty of perjury. I declare under penalty of perjury that the foregoing is true and correct.**

_Joanne M. Roman_                          _6/30/2025_

Respectfully, Joanne Marie Roman Pro Se          Executed on: **June 30, 2025**
102 Artlee Avenue, Butler PA 16001
jmroman0967@gmail.com
(814) 323-5853

**Key Citations and Legal References:**

**11 U.S.C. §524(a)** – Discharge Injunction
**11 U.S.C § 522(f)** – Lien Avoidance
**11 U.S.C. § 105** – Court's inherent power to issue orders to protect the integrity of the bankruptcy process
**In re: Greene, 104 F.3d 1066 (9th Cir. 1997)** – Bankruptcy court's authority to enforce discharge injunction
**In re: Hyman, 502 F.3d 61 (2nd Cir. 2007)** – authority of bankruptcy courts to avoid post-discharge liens